IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>ASSISTANT WARDEN BOULWARE,<br><br>Defendant. | CV 24-153-BLG-DWM<br><br>ORDER |

Plaintiff Alexandre Davis ("Davis"), a federal prisoner proceeding pro se, filed a handwritten document captioned "Petition for Monetary Reward and Time Off Sentence." (Doc. 1.)

On February 27, 2024, District Court Judge Dana L. Christensen sentenced Davis in his criminal matter, *USA v. Davis*, Cause No. CR 22-106-BLG-DLC. Davis was committed to the Bureau of Prisons for 51-months, followed by a 3-year period of supervised release. *See USA v. Davis*, Cause No. CR 22-106-BLG-DLC, Judg. (D. Mont. Feb. 27, 2024.) Davis filed a notice of appeal, as well as various post-judgment motions. Included in Davis's post-judgment filings were challenges to his present incarceration at FCI Sheridan and/or claims relating to the calculation of his sentence. *See e.g., Davis v. United States*, Cause No. CV-24-91-BLG-DWM, Comp. (filed July 15, 2024); *Davis v. Ada County*, Cause No. CV-24-

1

92-BLG-DWM, Comp. (filed July 16, 2024); *Davis v. Boulware*, Cause No. CV-24-151-BLG-BMM, Pet. (filed Oct. 15, 2024).  Each of those matters was dismissed for improper venue.

In the present filing, Davis apparently seeks a reduction in his sentence and a monetary reward for acts he has undertaken while incarcerated at the Federal Correctional Institute in Florence, Colorado.  (Doc. 1 at 1-2.) Davis has cited no legal authority in support of his filing.

Under 28 U.S.C. § 2241, a district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. A petition challenging the manner, location, or conditions of a sentence's execution is brought under § 2241 in the custodial court. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement.  *Hernandez*, 204 F. 3d at 864.  To the extent that Davis may intend to seek habeas relief, this Court lacks jurisdiction over a § 2241 petition.  Because Davis is incarcerated in Florence, Colorado, should he wish to proceed in habeas, he should refile a § 2241 petition in the Federal District of Colorado.

But it appears that Davis's claims may not lie at the core of habeas.  *See Pinson v. Carvajal*, 69 F. 4th 1059, 1062, 1074-75 (9th Cir. 2023)(rejecting plaintiffs' arguments that § 2241 was the proper avenue for relief because there were other available remedies, and the claims were outside the historic core of

habeas corpus.) As set forth above, Davis does not appear to challenge the legality of his underlying conviction, nor does he challenge the manner, location, or conditions of the execution of his sentence. Instead, he is seeking this Court's intervention in awarding him additional credit for time and/or monetary compensation based upon the conditions and events that have occurred following his confinement at FCI Sheridan. Accordingly, it appears Davis must raise his claims in a federal civil rights action. *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991)(habeas corpus action proper mechanism for challenging an unlawful conviction or sentence; civil rights action proper method for challenging conditions of confinement); *see also Crawford v. Bell*, 599 F. 2d 890, 891-92, & n. 1 (9th Cir. 1979)(affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in a civil rights complaint).

Davis is further advised that the Prison Litigation Reform Act of 1995 amended by 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available exhausted." 42 U.S.C § 1997e(a). Accordingly, federal prisoners suing under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), must first exhaust inmate grievance procedures. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)(holding that § 1997e(a) applies to

*Bivens* actions).

Finally, Davis is advised to the extent that his filing can be construed as a federal civil rights action under 42 U.S.C. § 1983, venue is not proper in this district. All of the events giving rise to Davis's potential claims occurred in Colorado, which is outside of the Federal District of Montana. *See* 28 U.S.C. § 1391(b). This matter will be dismissed.

Accordingly, IT IS ORDERED that:

1. Davis's filing (Doc. 1) is dismissed without prejudice.

2. Clerk of Court is directed to close this matter and enter judgment in pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit

DATED this 23rd day of October, 2024.

Donald W. Molloy, District Judge
United States District Court